IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERROLD R. RENTNER,

           Plaintiff,                        OPINION AND ORDER

v.

                                         17-cv-9-bbc

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On June 16, 2019, I granted the parties' joint stipulation to remand plaintiff Jerrold R. Rentner's social security appeal to the administrative law judge for further proceedings. Dkt. #9. On September 15, 2017, I accepted the parties' stipulation on fees under the Equal Access to Justice Act and awarded plaintiff attorney fees in the amount of $3,815.06. Dkt. #15. Now before the court is a motion filed by plaintiff's counsel, Curtiss Lein, for attorney fees under 42 U.S.C. § 406(b), following a favorable decision from the administrative judge on remand. Dkt. #17. Defendant does not opposes the request for fees, but contends that the fees should be reduced to reflect a more reasonable hourly rate. Dkt. #19.

Counsel reports that he and plaintiff have a contingency fee agreement providing for attorney fees amounting to 25 percent of an award of past-due benefits. On remand, the administrative law judge awarded past-due benefits of $124,711.00, from which the Social Security Administration withheld 25 percent or $31,177.95 for attorney fees. Counsel says he will seek $9,000.00 for work at the agency level and seeks the remainder for court work. Pursuant to 42 U.S.C. § 406(b), counsel requests an order awarding a fee for court work in the amount of $22,177.75 (equal to $31,177.95 less the $9,000 in fees that will be sought through

the agency) to be payable out of plaintiff's past-due benefits. Counsel has submitted an accounting showing 19.4 hours in attorney time spent on plaintiff's case in this court. Counsel's request would equate to an award of approximately $1,143 an hour for his work on this case.

The requested fee is within the statutory cap and the parties' contingency fee agreement, but the court must nevertheless review it to be sure that it is reasonable in light of the character of the representation and the results obtained; the time, labor and skill required; the attorney's experience, reputation, and ability; and awards in similar cases. Gisbrecht v. Barnhart, 535 U.S. 789, 807-09 (2002); McGuire v. Sullivan, 873 F.2d 974, 979-83 (7th Cir. 1989). Here, the requested award is on the high end of rates that this court has awarded, so it warrants careful review for reasonableness. See, e.g., Evans v. Berryhill, No. 12-CV-888-JDP, 2018 WL 835172, at *2 (W.D. Wis. Feb. 13, 2018) (denying request to award fees equivalent to $1,400 an hour and instead awarding fees equivalent to approximately $1,000 an hour); Westlund v. Berryhill, No. 15-CV-450-JDP, 2017 WL 2389724, at *2 (W.D. Wis. June 1, 2017) (awarding fee that reflected $764 hourly rate, but noting that it was "on the generous side of the reasonable scale"); Koester v. Astrue, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded representative fees that reflect hourly rates as high as $400 to $1,500).

I conclude that counsel's requested fee award is unreasonably high under the circumstances. Counsel is an experienced attorney who reviewed the administrative record and drafted a motion for summary judgment that resulted in stipulated remand and a favorable determination below. However, a review of counsel's brief in support of summary judgment does

not reveal any issues in this case that were particularly complex. Although the brief is 43 pages long, more than half of the brief consists of large excerpts that appear to have been cut-and-pasted from the medical record and hearing transcript with little or no analysis or explanation as to why they were included. Counsel devoted only a couple of pages for each of the five errors he identified for appeal. Under these circumstances, an award equivalent to $1,143 an hour is too high. I will reduce the award by $5,000, to $17,177.75, which is equivalent to $885 an hour.

As counsel recognizes, the award must be offset by the EAJA fee award that he recovered already. Counsel will need to refund the $3,815.06 he recovered in EAJA fees to plaintiff.

ORDER

IT IS ORDERED that the motion for attorney fees filed by plaintiff's attorney, Curtiss Lein, pursuant to 42 U.S.C. § 406(b), dkt. #17, is GRANTED IN PART. The court approves a representative fee award of $17,177.75 to be payable to Curtiss Lein out of the statutory fee withheld from plaintiff Jerrold R. Renter's past-due benefits. Lein must return the EAJA fees of $3,815.06 to plaintiff.

Entered this 3d day of July, 2019.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge